IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| DAVID M. KASS, | |
|---|---|
| Petitioner, | 8:11CV426 |
| vs. | |
| ROBERT P. HOUSTON, Director, Nebraska Department of Corrections; | MEMORANDUM AND ORDER |
| Respondent. | |

This matter is before the court on the respondent's motion to set aside clerk's entry of default, Filing No. 14, and on initial review of a petition for habeas corpus relief under 28 U.S.C. § 2254. *See* Filing No. 1, Petition.

The clerk of court entered default on July 26, 2012. Filing No. 12. On August 6, 2012, the defendant filed a motion to set aside the entry of default, as well as an Answer. Filing No. 13 & Filing No. 14. When a party "has failed to plead or otherwise defend" against a pleading listed in Rule 7(a), entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b). *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998). "The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c); *Johnson v. Arden*, 614 F.3d 785, 799 (8th Cir. 2010). Although the same factors are typically relevant in deciding whether to set aside entries of default and default judgments, "[m]ost decisions . . . hold that relief from a default judgment requires a stronger showing of excuse than relief from a mere default order." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d at 783 (quoting *Connecticut Nat'l Mortgage Co. v. Brandstatter*, 897 F.2d 883, 885 (7th Cir.1990)).

The defendant has shown by affidavit that, although service had been effected on the Director of the Department of Corrections, the Nebraska Attorney General was not notified. Filing No. 15, Index of Evid., Ex. 1, Affidavit of James Smith ("Smith Aff."); Filing No. 8, Return of Summons. The defendant also asserts he has a meritorious defense. Filing No. 15, Index of Evid., Smith Aff. at 2; Filing No. 14, Answer. The court finds the defendant has shown good cause to excuse the default. In the interests of justice, the court finds the clerk's entry of default should be set aside.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules"), the court has conducted an initial review of the Petition to determine whether the claims made by petitioner, when liberally construed, are potentially cognizable in federal court. *See* § 2254 Rule 4. In his Petition, Kass alleges that on January 6, 2010, he was convicted of enticement by electronic communications device, in violation of Neb. Rev. Stat § 28-833 (2009), after a jury trial in the District Court of Sarpy County, Nebraska, and was later sentenced to one year of imprisonment and ordered to register as a sex offender. Filing No. 1, Petition at 1. He timely appealed and the Nebraska Supreme Court affirmed his conviction on July 15, 2011. *Id.* at 1; s*ee State v. Kass*, 281 Neb. 892, 799 N.W.2d 680 (2011).

Kass acknowledges that he has not filed for any further proceedings in this case in the United State Supreme Court or the state courts of Nebraska including state postconviction relief. Filing No. 1, Petition at 2. Kass further stated that he was in custody at the time the Petition was filed on December 13, 2011. *Id.* at 1. Kass also asserts that he challenged the constitutionality of Neb. Rev. Stat. §28-833 at trial and on

appeal. *Id.* at 1-2. It appears that Kass raised a First Amendment challenge to the statute and raised the entrapment issue in his direct appeal. *Kass*, 799 N.W.2d at 687.

In his habeas corpus petition, Kass asserts three claims: (1) The statute of conviction, Neb. Rev. Stat. § 28-833 (2008), is unconstitutional on its face as vague in violation of Kass's rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution; (2) the statute of conviction, Neb. Rev. Stat. § 28-833 (2008), is unconstitutional on its face as overbroad in violation of Kass's rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution; and (3) the state trial court's failure to instruct the jury on entrapment as an affirmative defense where there was evidence to support said instruction which was a violation of Kass's right to present a defense in his case in contravention of his rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution. Filing No. 1, Petition at 3.

An application for a writ of habeas corpus filed in federal court by a state prisoner "shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "To fulfill this requirement properly, 'state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process' before presenting those issues in an application for habeas relief in federal court". *Welch v. Lund*, 616 f.3d 756, 758 (8th Cir. 2010) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts before seeking federal habeas relief. *O'Sullivan*, 526 U.S. at 844.

It does not plainly appear from the petition that the petitioner is not entitled to relief. Further, it appears that Kass has exhausted his claims. *See Kass*, 799 N.W.2d at 697. Accordingly, the court makes a preliminary finding that Kass's claims are potentially cognizable in federal court. In his Answer, the defendant asserts the claims are procedurally defaulted or lacking in merit. The issues require further development. Accordingly,

IT IS ORDERED:

1. The respondent's motion to set aside clerk's entry of default, Filing No. 14, is granted.

2. The Clerk's Entry of Default (Filing No. 12) is vacated.

3. On initial review of the Petition (Filing No. 1), the court preliminarily determines that petitioner's claims are potentially cognizable in federal court.

4. The petitioner shall file a reply to the defendant's Answer within 14 days of the date of this order.

5. Respondent shall file all state court records that are relevant to the cognizable claims within 45 days of the date of this order. *See, e.g.*, Rule 5(c)-(d) of the Rules Governing Section 2254 Cases in the United States District Courts.

6. In the event that the petitioner finds the respondent's designation of state court records is not sufficient, the petitioner may move to designate additional records within 14 days of the respondent's designation.

7. The parties shall contact the chambers of the undersigned within one week of the date of this order to schedule a status conference to discuss further progression of this case to resolution.

8. No discovery shall be undertaken without leave of the court. *See* Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts.

DATED this 20th day of August, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.