IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID M. KASS,<br><br>                Petitioner,<br><br>vs.<br><br>ROBERT P. HOUSTON, Director, Nebraska Department of Corrections,<br><br>                Respondent. | **8:11CV426**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on David M. Kass's petition for a writ of habeas corpus under 28 U.S.C. § 2254. Kass was convicted in Sarpy County Nebraska District Court of enticement of a child under sixteen by electronic communications under 28 Neb. Rev. Stat. § 28-833.[1] He challenges the constitutionality of that statute, asserting: (1) the statute is unconstitutional on its face as vague in violation of his rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution; and (2) the statute is unconstitutional on its face as overbroad in violation of his rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution. He also asserts the state trial court's failure to instruct the jury on entrapment as an affirmative defense violated his rights

---

[1] As relevant herein, that statute provides:

28-833 Enticement by electronic communication device; penalty.

(1) A person commits the offense of enticement by electronic communication device if he or she is nineteen years of age or over and knowingly and intentionally utilizes an electronic communication device to contact a child under sixteen years of age or a peace officer who is believed by such person to be a child under sixteen years of age and in so doing:

    (a) Uses or transmits any indecent, lewd, lascivious, or obscene language, writing, or sound;

            \*      \*      \*

    (c) Offers or solicits any indecent, lewd, or lascivious act.

Neb. Rev. Stat. § 28-8333(a).

under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution. *See* Filing No. 1, Petition at 3.

Respondent Houston (hereinafter, "the State") argues: (1) that Kass has procedurally defaulted his claims because either he failed to present them on direct appeal or failed to pursue state postconviction relief; and (2) the claims have no substantive merit—Kass has not shown that the Nebraska Supreme Court reached a decision that was contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court, nor shown the Nebraska Supreme Court's decision was based on an unreasonable determination of the facts in light of the evidence presented in state court. The State also argues that Kass's petition is subject to dismissal because Kass fully served his sentence and was discharged from custody on February 12, 2012, before the State was served.

I. BACKGROUND

The record shows Kass was convicted after a jury trial in Sarpy County District Court, Sarpy County, Nebraska of a violation of Neb. Rev. Stat § 28-833 on January 6, 2010. He was sentenced to a term of one-year of imprisonment and to mandatory registration in the Nebraska Sex Offender's Registry.

The evidence adduced at trial showed that defendant David Kass, then an Omaha Police Department ("OPD") officer, used his personal computer to log onto a chat room, using the screen name "CHS1665." Filing No. 20-7, Bill of Exceptions ("BOE"), Vol. II at 155. A La Vista, Nebraska, police officer conducting an undercover sting operation represented himself online as an underage female with the screen name "Mickigirl14." Filing No. 20-6, BOE, Vol. I at 40. The La Vista police officer did not initiate any contact. *Id.* at 43. CHS1665 made contact with the undercover officer and asked about age and location, to which the undercover officer responded 14 and Omaha. *Id.* at 85, 87. An

eleven and a half hour conversation ensued, during which questions were posed by Kass about lingerie, body type and size, sexual experience, masturbation, and oral sex. *See State v. Kass*, 799 N.W.2d 680, 685-87 (2011); Filing No. 20-6, BOE, Vol. I at 25-26, 79-84.

At trial, Kass asked for, and was denied, an instruction on an entrapment defense. Filing No. 20-6, BOE, Vol. I at 145; Filing No. 20-7, BOE, Vol. II at 220-23. The jury was instructed on the elements of subsections (1)(a) and (1)(c) of the enticement statute. Filing No. 20-5, Transcript, Jury Instructions at 6. The court did not instruct on the definition of indecent, lewd, lascivious, or obscene. *Id.*, Jury Instructions. There is no evidence that Kass requested or proposed any such instruction.

The Nebraska Supreme Court affirmed Kass's conviction on direct appeal. *See State v. Kass*, 799 N.W.2d 680 (2011). Kass challenged the constitutionality of the subsection of the statute that criminalizes use or transmission of indecent, lewd, lascivious, or obscene language, writings, or sounds to minors under age 16. *See id.* at 688. Kass argued that the statute violated the First Amendment on the ground of overbreadth. *Id.* at 685, 687. The Nebraska Supreme Court found the statute, though its prohibition was not limited to enticing a child to engage in illegal sexual activity, nonetheless did not infringe the First Amendment. *Id.* at 688-89. It found that Kass had not shown that a substantial number of the law's applications are unconstitutional in relation to its legitimate sweep. *Id.* at 689. It stated that the phrase "indecent, lewd, lascivious, or obscene" had been narrowed in an earlier case to mean "language that 'conjures up repugnant sexual images.'" *Id.* at 690 (quoting *State v. Kipf*, 450 N.W.2d 397, 405 (Neb. 1990)). Further, it found that "the statute only applies when the defendant is speaking exclusively to a minor or decoy. Such a construction eliminates any possibility of chilling constitutionally protected speech among adults." *Id.*

With respect to Kass's entrapment defense challenge, the Nebraska Supreme Court found the initial duty of the court is to determine, as a matter of law, whether there is sufficient evidence that the government has induced the defendant to commit a crime and the defendant's evidence "need be only more than a scintilla to satisfy his or her initial burden." *Id.* at 691-92. It found, however, that it was not error for the court to refuse the instruction since the evidence showed Kass knew the decoy's ostensible age was 14, the decoy did not encourage Kass to continue the conversation nor urge him to discuss anything sexual, and, in fact, protested when Kass's questions turned sexual. *Id.* at 692.

Kass did not file for postconviction relief in state court. Kass was in custody at the time he filed his petition for habeas corpus relief in this case, but has now been released.

In the present action, the clerk of court initially entered default. Filing No. 12. Thereafter, the State moved to set aside the default and the court granted the motion, directing the State to file the state court record. Filing No. 14, Motion; Filing No. 17, Order. The court later entered a briefing order directing the State to file a brief within 30 days and granting the petitioner 30 days thereafter in which to reply. Filing No. 18, Briefing Order. The State obtained two extensions of time, but thereafter filed its brief. Filing No. 21, Motion; Filing No. 22, text order; Filing No. 23, Motion, Filing No. 24, text order; Filing No. 25, Brief. Kass has not filed a brief in response, though he did reply to the State's Answer. *See* Filing No. 13, Answer; Filing No. 19, Reply.[2]

II.  LAW

---

[2] In his reply, Kass contends that his failure to raise a vagueness challenge on direct appeal is not fatal to his claim because raising the claim would have been futile. Filing No. 19, Reply at 1. Also, he contends he raised the issue of failure to instruct on entrapment to the Nebraska Supreme Court as a constitutional deprivation of his right to a fair trial. *Id.* at 1-2.

A procedural bar occurs when a habeas petitioner fails to meet state procedural requirements for presenting federal claims, thus depriving state courts an opportunity to address those claims. *See* 28 U.S.C. § 2254(b)(1)(A). The Supreme Court recognizes "the importance of federal habeas corpus principles designed to prevent federal courts from interfering with a State's application of its own firmly established, consistently followed, constitutionally proper procedural rules." *Trevino v. Thaler*, 133 S. Ct. 1911, 1917 (2013). "Those principles have long made clear that a conviction that rests upon a defendant's state law 'procedural default' (for example, the defendant's failure to raise a claim of error at the time or in the place that state law requires), normally rests upon 'an independent and adequate state ground.'" *Id.* (quoting *Coleman v. Thompson*, 501 U.S. 722, 729–730 (1991)). "[W]here a conviction rests upon such a ground, a federal habeas court normally cannot consider the defendant's federal constitutional claim." *Id.*

"[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (citing *Coleman v. Thompson*, 501 U.S. 722, 730 (1991)). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "The exhaustion doctrine, in other words, turns on an inquiry into what procedures are 'available' under state law." *Id.* at 847.

In Nebraska, "one complete round" ordinarily means that each habeas claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court. *See Akins v. Kenney*, 410 F.3d 451, 454 (8th Cir. 2005). "The Nebraska Postconviction Act, Neb. Rev. Stat. § 29-3001 et seq., is

5

available to a defendant to show that his or her conviction was obtained in violation of his or her constitutional rights," however, "the need for finality in the criminal process requires that a defendant bring all claims for relief at the first opportunity." *State v. Sims*, 761 N.W.2d 527, 533 (Neb. 2009). "[O]n postconviction relief, a defendant cannot secure review of issues which were or could have been litigated on direct appeal." *State v. Bazer*, 751 N.W.2d 619, 627 (Neb. 2008).

'"The doctrine barring procedurally defaulted claims from being heard is not without exceptions—[a] prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law.'" *Trevino,* 133 S. Ct. at 1917 (quoting *Martinez v. Ryan*, 132 S. Ct. 1309, 1315-16 (2012). A credible showing of actual innocence may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013). The Supreme Court has applied this miscarriage of justice exception to overcome various procedural defaults, including "successive" petitions asserting previously rejected claims, "abusive" petitions asserting in a second petition claims that could have been raised in a first petition, failure to develop facts in state court, and failure to observe state procedural rules, including filing deadlines. *McQuiggin v. Perkins*, 133 S. Ct. at 1931-32 (2013) (citations omitted). The miscarriage of justice exception survived the Antiterrorism and Effective Death Penalty Act's (AEDPA) passage intact and unrestricted. *Id.* at 1932, 1934 (noting also the AEDPA reflects "Congress' will to modify the miscarriage of justice exception with respect to second-or-successive petitions and the holding of evidentiary hearings in federal court"). A district court has discretion to stay a mixed petition (i.e., one that includes both exhausted and unexhausted claims) to allow a habeas petitioner to present his unexhausted claims to the state court in the first instance, then

return to federal court for review of his perfected petition. *Day v. McDonough,* 547 U.S. 198, 210 n.10 (2006).

Under the AEDPA, "habeas relief is authorized if the state court's decision 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" *White v. Wheeler*, 136 S. Ct. 456, 460 (2015) (quoting 28 U.S.C. § 2254(d)(1)). The AEDPA also authorizes habeas corpus relief if the state court adjudication of the claim resulted in a decision that was based on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The Supreme Court, "time and again, has instructed that AEDPA, by setting forth necessary predicates before state-court judgments may be set aside, 'erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court.'" *Id.* at 460 (quoting *Burt v. Titlow,* 134 S. Ct. 10, 16 (2013)).

Under § 2254(d)(1), "'a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *White v. Woodall,* 134 S. Ct. 1697, 1702 (2014) (quoting *Harrington v. Richter,* 562 U.S. 86, 103 (2011)). Section 2254(d)(2) requires that the federal court accord the state trial court substantial deference. *Brumfield v. Cain*, 135 S. Ct. 2269, 2277 (2015). Federal courts "may not characterize these state-court factual determinations as unreasonable 'merely because [we] would have reached a different conclusion in the first instance.'" *Id.* (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010)). "If '[r]easonable minds reviewing the record might disagree' about the finding in question, 'on habeas review that

7

does not suffice to supersede the trial court's . . . determination.'" *Id.* (quoting *Rice v. Collins*, 546 U.S. 333, 341–342 (2006) (ellipses in *Brumfield*).

A demonstrably overbroad statute or ordinance may deter the legitimate exercise of First Amendment rights. *Erznoznik v. Jacksonville*, 422 U.S. 205, 216 (1975). Nonetheless, when considering a facial challenge it is necessary to proceed with caution and restraint, as invalidation may result in unnecessary interference with a state regulatory program. *Id.* A facial challenge to a statute is "the most difficult challenge to mount successfully" because "the challenger must establish that no set of circumstances exists under which the [statute] would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987). In accommodating these competing interests the Supreme Court has held that a state statute should not be deemed facially invalid unless it is not readily subject to a narrowing construction by the state courts, and its deterrent effect on legitimate expression is both real and substantial. *Erznoznik,* 422 U.S. at 216. "'[M]inors are entitled to a significant measure of First Amendment protection, and only in relatively narrow and well-defined circumstances may government bar public dissemination of protected materials to them.'" *Brown v. Entm't Merchants Ass'n*, 131 S. Ct. 2729, 2735-36 (2011) (quoting *Erznoznik,* 422 U.S. at 212–13 (citation omitted)). A state possesses legitimate power to protect children from harm. *See id.* (referring to obscene speech as a legitimate proscription with respect to minors).

Under Nebraska law, "[e]ntrapment is a defense consisting of conjunctive elements—governmental inducement to commit a crime and a lack of criminal predisposition in the defendant." *State v. Graham*, 614 N.W.2d 266, 271 (Neb. 2000). A defendant has been entrapped if the government induces defendant to commit the offense charged and "the defendant's predisposition to commit the criminal act was such that the defendant was not otherwise ready and willing to commit the offense on any propitious

8

opportunity." *Id.* at 271-72; see *Jacobson v. United States*, 503 U.S. 540, 549 (1992) (holding that when the defense of entrapment is at issue, "the prosecution must prove beyond reasonable doubt that the defendant was disposed to commit the criminal act prior to first being approached by Government agents," but stating that where agents simply offer a defendant the opportunity to violate the law and the defendant promptly avails himself of the criminal opportunity, it is unlikely that a defendant's entrapment defense will warrant a jury instruction).

The federal habeas corpus statute requires that the applicant must be 'in custody' when the application for habeas corpus is filed. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). However, because of disabilities or burdens which may flow from petitioner's conviction, he has a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed on him. *Id.*

### III. DISCUSSION

The court first finds that this action is not precluded by reason of the fact that the petitioner has been released from confinement. By virtue of the requirement that he register as a sex offender, the petitioner will continue to suffer disabilities or burdens that flow from his conviction.

Notwithstanding that finding, however, this court can offer the petitioner no relief. Kass's vagueness challenge was not raised in his direct appeal and is procedurally defaulted. Although he raised a constitutional challenge on overbreadth grounds and presented a claim (arguably, a constitutional claim) with respect to the entrapment defense, he failed to file a postconviction action and failed to exhaust his state court remedies. Kass has not argued that the action should be stayed to allow him an opportunity to exhaust, nor that he should not be required to exhaust any claims that he might otherwise bring in state

habeas proceedings, as "circumstances exist that render [the state corrective] process ineffective to protect" his rights. *See* 28 U.S.C. § 2254(b)(1)(B)(ii). Further, he has neither argued nor shown any cause and prejudice to excuse the procedural default.

However, even assuming Kass's claims were properly presented, the court would find that he has not shown that the Nebraska Supreme Court's findings are contrary to, or an unreasonable application of, clearly established law as determined by the United States Supreme Court, nor has he shown that the state court reached a decision that was based on an unreasonable determination of the facts in light of the evidence presented at trial. The court has reviewed the materials submitted in connection with the motion and finds no unreasonable determination of the facts or any finding contrary to clearly established law as determined by the United States Supreme Court. *See* [Filing No. 20](), State Court records, Attachments 1-7.

Given the Nebraska Supreme Court's narrowed construction of the statute and its applicability only to transmissions to minors, the trial court's rejection of Kass's overbreadth challenge is not contrary to law. Further, Kass has not shown that the state court reached a decision that was based on an unreasonable determination of the facts in light of the evidence presented at trial. The record shows Kass did not present evidence sufficient to warrant an entrapment defense. Kass initiated contact with the decoy, was the first to refer to a sexual topic, and had several opportunities to end the conversation. There was no evidence from which a jury could infer that Kass was not predisposed to commit the crime, and no evidence that the decoy induced the petitioner to violate the law beyond his obvious propensity to do so. Accordingly, the court finds Kass is not entitled to a writ of habeas corpus in this matter.

IT IS HEREBY ORDERED THAT:

1. The petitioner's petition for a writ of habeas corpus is denied.

2. A judgment of dismissal in conformity with the Memorandum and Order will issue this date.

Dated this 25th day of March, 2016

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge